# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2010

No. 08-10452

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HENRY LAWRENCE HEREFORD

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas, Lubbock Division
No. 5:04-CR-002-C

Before DAVIS, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Under 18 U.S.C. § 3582(c)(2), certain federal defendants can move for reduction of their sentences based on amendments to the United States Sentencing Guidelines. Defendant Henry Lawrence Hereford ("Hereford") moved *pro se* under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence in light of the 2007 amendments to the Guideline's crack cocaine provisions. The district court granted his motion, but imposed a sentence at the high end of the amended Guidelines range. Hereford appealed. We appointed counsel for Hereford to

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-10452

brief, *inter alia*, whether he had a right to representation by appointed counsel in the proceedings below.  Hereford's counsel now raises two issues: (1) whether the district court erred in failing to appoint counsel; and (2) whether the district court erred in failing to assign reasons for not further reducing Hereford's sentence.  We affirm for the following reasons.

I.

Hereford did not ask the court to appoint counsel to assist him with his § 3582(c)(2) motion.  We, therefore, review the district court's failure to appoint counsel for plain error.

II.

Hereford cites no law from this circuit that required the district court to appoint counsel.  In fact, the most directly applicable circuit authority supports the government's position that appointment of counsel is not required.

In *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995), this court held that a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings.  The defendant argued that § 3582 reduction proceedings are "ancillary matters" under the Criminal Justice Act, *id.* at 1010, which provides for appointment of counsel to represent the defendant "at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings,"  18 U.S.C. § 3006A(c).  The panel disagreed, explaining,

> A § 3582(c)(2) motion is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence.  Rather, it is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines.

2

No. 08-10452

*Id.* at 1011.   Concluding that a § 3582(c)(2) motion is "too far removed to be considered 'ancillary' to the criminal proceeding," the panel held that  the defendant had no statutory right to appointed counsel under the Act. *Id.*  The panel also held that there is no right to appointed counsel under the Sixth Amendment because "the constitutional right to counsel extends only through the defendant's first appeal." *Id.* at 1011.  Finally, the panel concluded that due process did not require the appointment of counsel in that case.  *Id.* at 1011, n.3.


### III.

Hereford argues that *Whitebird* does not control in this case because the governing amended guideline in his case is different from the guideline in *Whitebird*'s case.  The principal difference is that the amended guideline in *Whitebird's* case did not permit the sentencing judge to consider Whitebird's post- sentencing conduct in considering the § 3582 motion; whereas, the current amended guideline does give the judge authority to consider post-sentencing conduct.    *Compare* U.S.S.G. § 1B1.10(b) (1995) *with* § 1B1.10(b) (2008).  *See also United States v. Robinson*, 542 F.3d 1045 (5th Cir. 2008).

No authority from other circuits has been cited that tends to undermine *Whitebird*'s reasoning.  At least two other circuits have relied on *Whitebird* to hold that § 3582 proceedings are not ancillary proceedings under the Criminal Justice Act even after *Booker* and the 2008 amendments to § 1B1.10(b) and thus the court is not required to appoint counsel for these proceedings. *United States. v. Webb*, 565 F.3d 789 (11th Cir. 2009); *see also  United States. v. Harris*, 568 F.3d 666 (8th Cir. 2009).

### IV.

The Supreme Court recently held that *Booker* does not apply to § 3582(c)(2) proceedings and therefore we are not required to treat U.S.S.G. §

No. 08-10452

1B1.10(b) as advisory. *Dillon v. United States*, 09-6338, 2010 WL 2400109 (2010). This holding is consistent with previous Fifth Circuit decisions on this issue. *See United States v. Doublin*, 572 F.3d 235 (5th Cir. 2009); *United States v. Evans*, 587 F.3d 667 (5th Cir. 2009).

V.

The above discussion of the authorities in this and other circuits demonstrates that the district court's failure to appoint counsel was not clear or obvious error. Thus, Hereford's challenge to the district court's failure to appoint counsel fails under plain error review.

VI.

Finally, Hereford argues that the district court failed to adequately explain the reasons for not further reducing his sentence. The Government responds that Hereford failed to preserve this issue below and that the district court did not plainly err because binding precedent from this circuit has never required a district court explicitly to provide a statement of reasons or discuss the 18 U.S.C. § 3553(a) factors in ruling on a defendant's section 3582(c)(2) motion. We agree with the Government. *See generally Evans,* 587 F.3d at 671 (5th Cir. 2009) (finding that plain error is not "obvious," "clear," or "readily apparent" when there is a lack of precedent) .

VII.

For the above reasons, we affirm the judgment of the district court.

AFFIRMED.

4